UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN J. SCHARLEMANN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-351-JPG |
| | ) | |
| DENISE DAUM, GEORGIANNE BROUGHTON, MICHAEL TAYLOR, and JANICE REYNOLDS, | ) ) ) | |
| | ) | |
|     Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Benjamin Scharlemann's (hereinafter "Scharlemann") Complaint (Doc. 1), Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2), and Motion to Appoint Counsel (Doc. 3). Scharlemann brings this case against all named Defendants for wrongful termination in violation of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. § 12101, *et seq*.

In Illinois, an employee may sue under the ADA only if he filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the alleged "unlawful employment practice." *See* 42 U.S.C. § 12117(a) (2006) (referencing Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-5(e)); *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998). If the aggrieved employee instituted proceedings with a state or local anti-discrimination agency, this period is extended to 300 days. § 2000e-5(e); *Fairchild*, 147 F.3d at 574; *Huels v. Exxon Coal USA, Inc.*, 121 F.3d 1047, 1049 (7th Cir. 1997). "Failure to file within the allotted time renders the charge untimely and the claimant is precluded from bringing an action in court." *Fairchild*, 147 F.3d at 574.

Of course, exhaustion of one's administrative remedies only marks the beginning of a federal lawsuit. To ultimately prove a discrimination claim or a failure to accommodate claim under either statute, a plaintiff must show, among other things, that he was a disabled person as defined by the ADA. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005) (failure to accommodate); *Winfrey v. City of Chicago*, 259 F.3d 610, 614 (7th Cir. 2001) (same); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999) (discrimination). He must also show that he is qualified to "perform the essential functions of the job in question[.]" *Jackson*, 414 F.3d at 810. And, it bears noting that the ADA only imposes liability on employers, not an employer's agents. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281.

Here, Scharlemann's complaint is deficient in a number of respects. First, he does not bring suit against Community Resource Center, Inc.; rather, his lawsuit targets individual defendants. Per *EEOC*, this is not allowed. Further, he does not allege that he has exhausted his administrative remedies by filing a charge of discrimination with the EEOC. If Scharlemann has in fact filed such a charge, he should allege as much and should attach a copy of the requisite EEOC right-to-sue letter to his complaint. Finally, the complaint does not allege the disability from which Scharlemann suffers or the job from which he was allegedly wrongfully terminated. While Scharlemann need not prove his disability or qualifications at this stage in the litigation, these facts need to at least be pled in an amended complaint, especially if he hopes to proceed *in forma pauperis*,[1] have counsel appointed,[2] and have this case continued forward. *See, e.g.,*

---

[1] A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v.*

*Mattice v. Mem'l Hosp. of S. Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (plaintiff's allegations that he was limited in "cognitive thinking" were sufficient to state a claim under the ADA); *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1059

---

*Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).
     Due to the incredibly brief nature of Scharlemann's complaint, it is nearly impossible for the Court to discern its merits. Until an amended complaint is filed that chronicles the underlying facts with greater specificity, Scharlemann cannot proceed *in forma pauperis*.

    [2]Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. S.D. Ill. L. R. 83.1(i).
     In deciding the request for counsel, the Court should consider all relevant information with emphasis on the following factors:

> (1)    plaintiff's diligence in attempting to secure counsel;
> (2)    the apparent merit of plaintiff's claim;
> (3)    plaintiff's ability to investigate crucial facts;
> (4)    the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;
> (5)    plaintiff's ability to manage the litigation and present his case; and
> (6)    the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-2 (7th Cir. 1987); *see Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In essence, the Court must ask, "[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *accord Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).
     Here, in addition to the questionable merit of the complaint discussed throughout this memorandum and order, Scharlemann has not explained how he has made reasonable attempts to retain counsel. Accordingly, his motion to appoint counsel should and will be denied.

(plaintiff sufficiently pleaded a claim under the ADA by alleging that he suffered from a psychiatric illness and was diagnosed as a manic depressive and that the defendant-employer was aware of that diagnosis and regarded him as disabled and substantially limited in major life activities); *Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996) (plaintiff sufficiently pleaded an ADA claim by alleging that she suffered from chronic severe allergic rhinitis and sinusitis which substantially impaired her ability to breathe).

For the abovementioned reasons, the Court **ORDERS** Scharlemann to file an amended complaint **no later than June 18, 2010**.  **If he fails to do so, the Court will dismiss this case**. Scharlemann's amended complaint shall address the foregoing as well as any other deficiencies contained in the original complaint.  Further, the Court **DENIES** Scharlemann's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 3) **without prejudice**.

**IT IS SO ORDERED.**
**Dated: May 14, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**