UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN J. SCHARLEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-351-JPG |
| | ) | |
| DENISE DAUM, GEORGIANNE BROUGHTON, MICHAEL TAYLOR, JANICE REYNOLDS, and COMMUNITY RESOURCE CENTER, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on a letter sent by Plaintiff Benjamin Scharlemann and dated June 18, 2010, which the Court has construed as both a Response (Doc. 13) to the Court's previous show cause order, (*see* Doc. 11), and a Motion for Recusal (Doc. 12).  The time for a response brief to the recusal motion has yet to lapse, yet Defendant Community Resource Center, Inc. (hereinafter "CRC") need not file one.

The Court will first address the letter in its capacity as a response to the show cause order.  In two separate orders, (*see* Docs. 4, 11) the Court explained to Scharlemann that his lawsuit, which involves allegations of wrongful termination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, improperly targets the agents of his employer, CRC.  *See U..S. Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) ("We hold that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA.").  Subsequently, on June 17, 2010, the Court ordered Scharlemann to "show cause on or before July 16, 2010, why the Court should not dismiss [Defendants Denise] Daum, [Georgianne]

Broughton, [Michael] Taylor, and [Janice] Reynolds without prejudice.  If he fails to do so, said individuals will be dismissed from this matter**.**"  (Doc. 11, p. 2).  In his response to said order, Scharlemann mentions that he is continuing to sue Daum, Broughton, Taylor, and Reynolds "because they are the criminals who run CRC. . . . [who] would not even pay [his] unemployment benefits despite paying benefits to a woman who committed medicaid fraud," (Doc. 13, p. 1); however, this "explanation" fails to address the law clearly promulgated in *AIC*.[1] Scharlemann cannot seem to comprehend that, for purposes of the ADA, CRC was his employer, not Daum, Broughton Taylor, and Reynolds.  Of course, "the ADA imposes respondeat superior liability on an employer[, here, the CRC,] for the *acts* of its agents," *DeVito v. Chicago Park Dist.*, 83 F.3d 878, 881 (7th Cir. 1996) (emphasis added), but that understanding was not disputed in the show cause order.  Moreover, despite achieving service of process on the CRC, (*see* Doc. 7), no summons has been issued or executed with respect to said individuals.  Accordingly, the Court will be dismissing Daum, Broughton, Taylor, and Reynolds from this matter without prejudice.

Next, the Court takes up Scharlemann's letter insofar as it serves as a motion to recuse. "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a) (2006).  The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."  *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir.

---

[1]The Court does note that this explanation offers relevant allegations that are sorely absent from the Amended Complaint (Doc. 5).

1996)).  The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality.  *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).  "Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person."  *O'Regan v. Arbitration Forums, Inc*., 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted).  The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified.  *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)).  While doubts about whether recusal is required should be resolved in favor of recusal, a judge has an obligation to hear cases before him where there is no legitimate reason for recusal.  *See N.Y. City Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986),

In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial.  *Liteky*, 510 U.S. at 554; *O'Regan*, 246 F.3d at 988; *In re Huntington Commons Assocs.*, 21 F.3d 157, 158-59 (7th Cir. 1994).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky*, 510 U.S. at 555.  Put another way, a "[p]rior adverse judicial decision[] is not itself indicative of a bias requiring recusal."  *Clayton v. Sklodowski*, Case No. 87 C 2613, 1987 WL 11834, at *1 (N.D. Ill. May 29, 1987).

Many of the aforementioned principles apply with equal force to recusal motions made under § 455(b)(1), which requires recusal of a federal judge that "has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(b)(1) (2006).  Recusal thereunder "is required only if actual bias or prejudice is 'proved by compelling evidence.'"  *Hook* , 89 F.3d at 355 (quoting *U.S. v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)).  And, like § 455(a), bias or prejudice

3

under § 455(b)(1) must stem from an extrajudicial source. *Hook*, 89 F.3d at 355.[2]

Here, Scharlemann has done a fine job of hurling insults at the Court. Unfortunately for Scharelmann, these blatant, baseless insults do not equate to an adequate basis for recusal. Scharlemann contends that I should recuse myself "on the basis of having a bias toward the indigent and mentally ill population." (Doc. 12). The Court understands Scharlemann to mean that I have a bias *against* the indigent and mentally ill, presumably due to the recent denial of Scharlemann's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 3) without prejudice. (*See* Doc. 4). No matter, *Liteky*, *Hook*, and the other case law chronicled *supra* make clear that rulings unfavorable to Scharlemann will not result in recusal. Further, there has been no specific showing by Scharlemann that would cast *any* doubt on my impartiality in presiding over this case; rather, Scharlemann's contentions manage to be both conclusory and inaccurate. For example, while Scharlemann chastises the Court for "allow[ing] a schizophrenic to oppose his former employer in court without counsel," (Doc. 12, p. 1), his original Complaint (Doc. 1) did not even mention that he suffered from schizophrenia. And, of course, had Scharlemann bothered to carefully read the Court's denial of the motion to appoint, he would understand why the Court ruled the way that it did.

In its previous orders, the Court went to great lengths to explain to Scharlemann the rationale behind its rulings and instructed Scharlemann how to cure the deficiencies in his complaints and requests for relief.[3] Scharlemann is not happy with the outcome of the Court's

---

[2]While motions for recusal may also be made pursuant to 28 U.S.C. § 144, such motions require an affidavit, which Scharelmann has not attached to the instant motion.

[3]Although Scharlemann may not currently be proceeding *in forma pauperis* or with court-appointed counsel, a legal dictionary or a review of the relevant case law may serve him well,

previous rulings, and that is understandable and common in the judicial system.  However, this Court, nor any other for that matter, is not in the business of making laws; rather, the Court simply follows the United States Constitution, applicable laws, and binding precedent of the United States Supreme Court and the Seventh Circuit Court of Appeals with principles of justice and equity always in mind.

As a final note, the Court advises Scharlemann to look at Federal Rule of Civil Procedure 11, particularly Rules 11(b)(2) and 11(b)(3).  His request for recusal, the factual basis underlying it, and the insults sprinkled throughout were completely unfounded in both law and fact.  The Court admonishes Scharlemann to watch the tone and meritoriousness of his future submissions, lest he face the sanctionable powers of this Court.

For the foregoing reasons, the Court *sua sponte* **DISMISSES Defendants Denise Daum, Georgianne Broughton, Michael Taylor, and Janice Reynolds without prejudice**.  Further, the Court **DENIES** Scharlemann's Motion for Recusal (Doc. 12).  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**Dated: June 24, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

especially since he finds previous denials "without prejudice" to be "laughable."  (Doc. 12).